THE COAL BELT ELECTRIC RAILWAY COMPANY

*v.*

GEORGE W. KAYS.

*Opinion filed October 24, 1905.*

1. APPEALS AND ERRORS—*when questions are not preserved for review.* The questions whether the plaintiff has failed to prove a cause of action and whether the evidence shows that the negligence causing plaintiff's injury was that of a motorman who was a fellow-servant with plaintiff are not preserved for review, on appeal, where there was no motion made to direct a verdict for the defendant and no question raised in any manner concerning the relation between the plaintiff and the motorman.

2. SAME—*when an error in modifying instruction is harmless.* Error in modifying an instruction by limiting the burden of proof of a certain allegation to certain counts of the declaration, whereas it should have been required as to the entire declaration, is harmless, where another given instruction upon same subject covered all the counts of the declaration and fairly stated the same principle as was contained in the modified instruction.

APPEAL from the Appellate Court for the Fourth District;—heard in that court on writ of error to the Circuit Court of Williamson county; the Hon. A. K. VICKERS, Judge, presiding.

WILLIAM H. WARDER, for appellant.

WILLIAM A. SCHWARTZ, and HOSEA V. FERRELL, for appellee.

Mr. CHIEF JUSTICE CARTWRIGHT delivered the opinion of the court:

This suit was brought by appellee in the circuit court of Williamson county, against appellant, to recover damages for injuries sustained while in its employ. The declaration contained four counts, and in each of them it was alleged

that defendant operated an electric railway; that plaintiff was employed by defendant as a car repairer; that he was ordered to stand upon a wire car-ladder extending fifteen feet above the track, for the purpose of repairing the trolley and guy-wire, and that while he was performing said work the defendant, without notice to him, jerked or pulled said ladder, causing him to fall therefrom upon the railroad track, inflicting the injuries. In addition to said averments the second and fourth counts contained the further averment that defendant negligently ordered and commanded plaintiff to leave his work as car repairer and repair the trolley and guy-wire by standing on the ladder. The evidence on the part of the plaintiff tended to prove the charge of negligence in moving the car-ladder. It was a ladder or scaffold fifteen or sixteen feet high, built of four upright pieces about four feet apart at the bottom and with a platform at the top two feet square. It stood on a common flat-car used for hand service and for carrying ties. The car was attached to a regular motor car, and the evidence for plaintiff was, that while he was on the car repairing the wire and facing northwest, the motor car was started without notice or warning, and he lost his balance and was thrown or fell off. The evidence on the part of defendant tended to prove that plaintiff was directed to ride on the ladder car from near the power house to the main line to make some repairs; that it was necessary for some one to ride on the car to raise the trolley wire at certain points where the guy-wires were attached, to allow the ladder car to pass under; that two of the guy-wires were lifted by plaintiff as the car passed along, but he failed to lift the last one, which caught the ladder and pulled it over; that a signal was given to stop, and the guy-wire slipped off and the ladder came back to position, but that the plaintiff fell or jumped off. The jury returned a verdict for $3000, on which judgment was entered. On appeal to the Appellate Court for the Fourth District the judgment was affirmed.

It is first contended that the plaintiff failed to make out a cause of action; that if the evidence introduced by him be regarded as true, the accident was caused solely by the action of the motorman, without any order or command from any other person, and that it appears conclusively from the evidence that the plaintiff and motorman were fellow-servants. This question is not preserved in the record as a question of law which may be reviewed in this court. The trial court was not asked to direct a verdict of not guilty, nor was any question concerning the relation between the plaintiff and motorman raised in any manner.

The defendant asked the court to give to the jury an instruction that the burden of proof was on the plaintiff to prove, by a preponderance of the evidence, all the material allegations of the declaration or of some count thereof; that one of the material allegations was that the defendant negligently and carelessly moved the ladder car while the plaintiff was working thereon, and that if this allegation was not supported by a preponderance of the evidence the plaintiff was not entitled to recover. The court modified it by limiting it to the first and third counts of the declaration and gave it as modified. The court erred in modifying the instruction. The averment of each count that the defendant negligently and carelessly moved the car-ladder while plaintiff was working on it was material, and without proof of that averment he was not entitled to recover. It is true that the second and fourth counts added an allegation that the act of the foreman in directing the plaintiff to do the work was negligent, but neither of those counts alleged that the injury resulted from such order. Neither of those counts stated a cause of action without the averment that the car-ladder was negligently moved. It was not alleged that the injury resulted from giving the order or the inexperience of the plaintiff, and the work which he was ordered to do was of the most simple character, which, so far as appears, could be performed by any one. But in our

opinion the modification excepted to is not ground for reversal of the judgment, for the reason that the ninth instruction given by the court covered all the counts and fairly stated to the jury the same principle contained in the one modified.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*